UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN LESTER COX,<br><br>    Plaintiff,<br><br>    v.<br><br>Mr. EVELYN *et al.*,<br><br>    Defendants. | Case No.  C04-5557RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**<br>**OCTOBER 28th, 2005** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion for summary judgement. (Dkt. # 21). As a preliminary matter the court notes the scheduling order sent to Mr. Cox was returned as undeliverable and the plaintiff has not provided any forwarding address or current address. Plaintiff did not respond to the currently pending motion and the court does not know if plaintiff received the motion or not. There has been no contact with the plaintiff since October of 2004. (Dkt. # 6).

## FACTS

Plaintiff has not responded to the motion for summary judgment. Local Rule 7 (b) (2) provides that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." In addition the court has had mail addressed to the plaintiff returned, and

more than 60 days has past since the return of the scheduling order in this case. (Dkt. # 20). Under Local Rule 42 (b)(2) failure to keep the court apprized of a current address is also grounds to dismiss without prejudice.

This action deals with conditions of confinement at the Clark County Jail. The defendants indicate there is a grievance system in place and that plaintiff had the ability to file a grievance regarding the conditions that are the subject of this action. Those conditions include his allegedly being forced to sleep on a mattress on the floor of a cell, his not being allowed to visit with a specific person, and lack of access to a law library. (Dkt. # 21).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff has failed to exhaust available remedies prior to filing and this action. In addition, plaintiff's failure to keep the court apprized of a current address leads to the same result and provides an alternate ground for dismissal without prejudice. Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

The Court should **DISMISS THIS ACTION WITHOUT PREJUDICE** as plaintiff failed to exhaust available administrative remedies or keep the court apprized of a current address.. A proposed

REPORT AND RECOMMENDATION
Page - 2

order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 28th, 2005**, as noted in the caption.

DATED this 3rd day of October, 2005.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3